Filed 10/19/20  P. v. Alfaro CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B297485 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA088341) |
| v. | |
| RALPH RICHARD ALFARO et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert J. Perry, Judge.  Reversed and remanded.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant Ralph Richard Alfaro.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant Martin Haro.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.

———————————

Defendants and appellants Ralph Richard Alfaro and Martin Haro appeal from the trial court's postjudgment orders denying their petitions for resentencing pursuant to Penal Code section 1170.95[1] and Senate Bill No. 1437 (Senate Bill 1437). Section 1170.95 provides for vacatur of a murder conviction obtained under either the natural and probable consequences doctrine (as here) or the felony murder theory of liability, if the defendant was not the killer, did not intend to kill, and was not a major participant in an underlying felony who acted with reckless disregard for human life. (*People v. Martinez* (2019) 31 Cal.App.5th 719, 723.)

Defendants contend the trial court erred by summarily denying their petitions without first appointing counsel, and by denying their petitions on the merits and on the basis that Senate Bill 1437 and section 1170.95 are unconstitutional. The People agree.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

We reverse and remand to the trial court.  We agree with the parties that section 1170.95 and Senate Bill 1437 are constitutional, and that the trial court was required to appoint counsel and to permit briefing before it ruled on their petitions.

## FACTS AND PROCEDURAL HISTORY[2]

### *Murder Conviction*

In 2009, defendants were part of a group of Hispanic gang members who chased down and brutally beat an African American man to death.

In 2012, the jury found Alfaro guilty of first degree murder (§ 187, subd. (a)) and Haro guilty of second degree murder (§ 187, subd. (a))—both under a natural and probable consequences theory of liability.  The jury found true gang and firearm enhancements with respect to both defendants.

Alfaro was sentenced to 50 years to life in prison.  Prior to sentencing, the prosecution moved to dismiss the gang enhancement as to Haro, which had the effect of also dismissing the firearm allegation.  Haro was sentenced to 15 years to life in prison.

---

[2] We take judicial notice of our prior nonpublished opinions in *People v. Prado* (Mar. 6, 2014, B243204) and *People v. Prado* (Jan. 13, 2015, B243204).

3

*Appeal*

Alfaro appealed, contending that his confession was illegally obtained, the trial court erred in its instruction of the jury, and cumulative error. On March 6, 2014, this court affirmed the trial court's judgment. (*People v. Prado*, *supra,* B243204.)

On June 2, 2014, our Supreme Court issued its opinion in *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*), which held that an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine. (*Id*. at pp. 158–159.) The Supreme Court remanded Alfaro's case to this court for reconsideration in light of *Chiu*. We reversed Alfaro's first degree murder conviction. Upon issuance of the remittitur, the prosecution was permitted retry Alfaro for first degree murder. Absent retrial, Alfaro would stand convicted of second degree murder.

On June 17, 2015, the parties stipulated to resentencing Alfaro for second degree murder, and the trial court sentenced Alfaro to 40 years to life imprisonment.

Haro did not appeal his conviction.

4

*Section 1170.95 Petitions for Resentencing*

## Alfaro's Petition for Resentencing

On February 4, 2019, Alfaro filed a petition for resentencing under section 1170.95, which the People opposed based both on constitutional grounds and upon the facts of the case.

On March 22, 2019, prior to appointment of counsel or filing of the reply brief, the trial court denied the petition in a written ruling. It found that: "Alfaro aided and abetted the murder in this case, and acted with a clear and obvious intent to kill. He chased the fleeing victim for 100 yards, caught him, knocked him to the ground, and joined in a merciless attack on the fallen and terrified man. He made no effort to help the victim or to prevent the attack from continuing. His actions clearly demonstrated an intent to kill the victim and he is ineligible for sentencing relief under Penal Code § 1170.95. See Penal Code § 189(e)(2) (murder responsibility exists for defendant who was not the actual killer but acted with the intent to kill and aided and abetted the actual killer)." The court did not identify which documents in the record it relied upon.[3]

---

[3] Alfaro asserts that the trial court relied on this court's 2014 opinion, which was superseded in 2015. We cannot draw that conclusion. The 2014 opinion is merely mentioned as affirming the conviction. The quotes in the

Alternatively, the trial court found section 1170.95 unconstitutional for impermissibly amending Propositions 7 and 115, violating Marsy's Law, and violating the separation of powers doctrine with respect to the powers of the judiciary and the governor.

## Haro's Petition for Resentencing

On January 9, 2019, Haro filed a petition for resentencing. The trial court appointed counsel and ordered the People to file a response on or before March 11, 2019. On March 11, 2019, the People opposed the petition on constitutional grounds and upon the facts of the case. The People served the response on Haro, but not on his attorney.

On March 18, 2019, the trial court denied the petition in a written order. The court found that "Haro aided and abetted the murder in this case, and acted with a clear and obvious intent to kill. He chased the fleeing victim for 100 yards, caught him, and helped knock him to the ground. He joined the rabid beating administered to the victim and viciously kicked the victim. He later proudly bragged about what he had done. He made no effort to help the victim or to prevent the attack from continuing. Haro's actions clearly demonstrate an intent to kill and he is ineligible for sentencing relief under Penal Code § 1170.95. See Penal Code § 189(e)(2) (murder responsibility exists for defendant

trial court's ruling appear to be taken directly from the trial transcript.

who was not the actual killer but acted with the intent to kill and aided and abetted the actual killer)." The court again did not identify the record basis for its ruling.[4]

Alternatively, the court found section 1170.95 unconstitutional for the same reasons articulated in Alfaro's case.

## DISCUSSION

On appeal, defendants argue that section 1170.95 and Senate Bill 1437 are constitutional, and that they were entitled to appointment of counsel prior to the trial court making any determination as to whether they made prima facie showings that they fall within section 1170.95's provisions. Alfaro contends that he was eligible for relief on the merits.

The People agree that section 1170.95 and Senate Bill 1437 are constitutional. The People also agree that defendants were entitled to counsel, but for a different reason: because the record did not demonstrate that defendants were ineligible for relief under section 1170.95 as a matter of law.

We agree with the parties that Senate Bill 1437 and section 1170.95 are constitutional. Contrary to defendants'

---

[4] The People's response cited to the trial transcripts when describing texts in which Haro bragged about the killing. There do not appear to be any other cites to the record by the People or the court.

position that a trial court is required to appoint counsel even absent a prima facie showing, we have previously held that a petitioner is entitled to counsel only after he "has made a prima facie showing that [he] falls within the [statute's] provisions" as required by section 1170.95, subdivision (c), and we maintain that view.[5] (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1177–1178 (*Torres*), review granted June 24, 2020, S262011; *People v. Smith* (2020) 49 Cal.App.5th 85, 92 (*Smith*), review granted July 22, 2020, S262835.) However, because defendants have made the initial prima facie showing under section 1170.95, subdivision (c), they are nonetheless entitled to appointment of counsel.

### *Constitutionality*

The trial court denied defendants' petitions on the basis that Senate Bill 1437 unconstitutionally (1) amends section 190, which was passed by referendum in 1978 through Proposition 7, and cannot be amended or repealed except by the people's vote; (2) amends Proposition 115 without a two-thirds majority vote; (3) conflicts with Marsy's Law (Cal. Const., art. I, § 28); (4) violates the separation of powers with respect to the governor's power of clemency; and

---

[5] Although we hold that a petitioner is *entitled* to counsel only after making a prima facie showing that he falls within section 1170.95's provisions, our holding does not preclude a trial court from appointing counsel at an earlier stage of proceedings in its discretion.

(5) violates the separation of powers with respect to the judiciary's power to resolve specific controversies. The People concede, and we agree, that this was error.

We have previously held that Senate Bill 1437 does not unconstitutionally amend Proposition 7, and we have no reason to deviate from our prior holding. (*Smith*, *supra*, 49 Cal.App.5th at pp. 91–92.) The remaining constitutional challenges have been considered and rejected by numerous courts. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241; accord *People v. Nash* (2020) 52 Cal.App.5th 1041; *People v. Lopez* (2020) 51 Cal.App.5th 589; *People v. Alaybue* (2020) 51 Cal.App.5th 207; *People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Prado* (2020) 49 Cal.App.5th 480; *People v. Bucio* (2020) 48 Cal.App.5th 300; *People v. Solis* (2020) 46 Cal.App.5th 762; *People v. Cruz* (2020) 46 Cal.App.5th 740; *People v. Superior Court* (*Gooden*) (2019) 42 Cal.App.5th 270.) We agree with the results reached in these cases, and as the parties are also in agreement that Senate Bill 1437 is not unconstitutional on any of these bases, we do not address the issue further here.

### *Merits and Appointment of Counsel*

Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under the natural and probable consequences doctrine can petition to have his or her conviction vacated and be resentenced. Section 1170.95 initially requires a

court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (See § 1170.95, subd. (c).) If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.[6] (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, 329–330 (*Verdugo*), review granted Mar. 18, 2020, S260493.) If, however, a determination of eligibility requires an assessment of the evidence concerning

---

[6] For example, if the jury was not instructed on a natural and probable consequences or felony murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories. (See *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138–1139, review granted Mar. 18, 2020, S260598 (*Lewis*) [appellate court opinion holding that jury convicted defendant of murder as a direct aider and abettor barred defendant from relief as a matter of law].)

10

the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95. (*Id.* at p. 330; *Lewis, supra,* 43 Cal.App.5th at p. 1140.)

Here, the trial court denied both defendants' petitions on the basis of an analysis of the facts underlying their convictions without first allowing them the opportunity to file briefs with the assistance of counsel. We disagree with defendants that appointment of counsel requires no prima facie showing whatsoever. (*Torres, supra,* 46 Cal.App.5th at pp. 1177–1178; *Smith, supra,* 49 Cal.App.5th at p. 95.) However, because we have concluded that Senate Bill 1437 and section 1170.95 are constitutional, and we can discern no basis in the record for barring either defendant from eligibility as a matter of law, defendants must be permitted to proceed to the next stage of review under section 1170.95, subdivision (c), in which the trial court evaluates, after appointment of counsel (if requested) and briefing, whether the facts and circumstances of the offense(s) prevent the petitioner from making "a prima facie showing that [he] is entitled to relief."

## DISPOSITION

The trial court's orders denying Alfaro and Haro's resentencing petitions are reversed.  We remand for the trial court to appoint counsel and conduct further proceedings in accordance with the terms of section 1170.95.


MOOR, J.

We concur:



BAKER, Acting P. J.



KIM, J.